# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 02: 11-cr-241 |
| | ) | |
| MARTIN R. BUJAKY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Presently before the Court for disposition are numerous pre-trial motions (Document Nos. 29, 31, 33, 35, 37, 39), with briefs in support, which have been filed on behalf of Defendant Martin Bujaky. The government filed an Omnibus Response (Document No. 40) and the motions are ripe for disposition.

In October 2011, Bujaky was charged in a one-count indictment at Criminal No. 11-241 with Aiding and Assisting in the Preparation and Presentation of a False and Fraudulent [Tax] Return on or about October 30, 2005, in violation of 26 U.S.C. § 7206(2). In January 2012, the government filed a six-count superseding indictment, which charges Bujaky at Count 1 with Conspiracy to Harbor Illegal Aliens and to Defraud the United States, from 1998 through 2007, in violation of 18 U.S.C. § 371; and at Counts 2-6 with Aiding and Assisting in the Preparation and Presentation of a False and Fraudulent [Tax] Return on various dates from October 2005 through January 2007, in violation of 26 U.S.C. § 7206(2).

1. <u>Motion for Disclosure of Brady Materials (#29)</u>

Bujaky believes that the government is in possession of exculpatory, impeachment and/or otherwise favorable evidence. He also seeks specific information about any witnesses who will testify at trial, as set forth in his motion at ¶ 3(a)-(k).

As the government correctly responds, there is no general constitutional right to pretrial discovery in a criminal case and the *Brady* doctrine is premised on fairness and prosecutorial obligation. Thus, the government maintains that *Brady* and its progeny do not provide a basis for discovery at this time. The government cites *United States v. Higgs*, 713 F.2d 39, 43 (3d Cir. 1983), for the proposition that disclosure of *Brady* material to Bujaky in accordance with the time limits provided in the Jencks Act, 18 U.S.C. § 3500 (i.e., the day the witness testifies at trial), would fully protect his rights.

However, the government does recognize that early provision of such materials helps to expedite the trial. The government represents that (with one or two unspecified exceptions) copies of all witness statements will be provided to Defendant in advance of trial. More generally, the government has acknowledged its obligations under *Brady*, *Giglio*, Federal Rules of Criminal Procedure 12 and 16, and the Jencks Act and has represented that all Jencks Act materials will be provided at least one week prior to trial. The Court urges the government to disclose the applicable materials at least two-three weeks prior to trial, to avoid potential delays at trial, but it cannot compel the government to do so.

The government has also responded to the itemized list of requests, which the Court will address seriatim:

(a) Military Records. The government objects that the military history of its witnesses is beyond the scope of *Brady*. The government also represents that it is unaware of any United States military service by its non-law enforcement fact witnesses and seeks additional input from defense counsel as to whether there is any good-faith basis to believe that such impeachment materials may exist. Neither party has cited any specific case law on this issue and an actual dispute does not appear to presently exist. Accordingly, this request is **DENIED WITHOUT PREJUDICE**.

(b)-(f) Confidential Informants. The government represents that such materials will be provided at the same time as the Jencks Act disclosures, i.e., at least one week prior to trial. Accordingly, these requests are **GRANTED**.

(i)-(j) Offers of Leniency/Payment. The government represents that such materials, if they exist, will be provided at the same time as the Jencks Act disclosures, i.e., at least one week prior to trial. Accordingly, these requests are **GRANTED**.

(k) Recorded Conversations. The government represents that it is unaware of any such materials, but if they exist, they will be provided under separate cover. Accordingly, this request is **GRANTED**.

2. <u>Motion for Additional Discovery (# 31, redocketed at # 39)</u>

Bujaky requests additional discovery to adequately develop and prepare his defense. He has presented a list of topics. In response, the government notes that it has held open, frank discussions of the evidence with defense counsel and has provided most of the documentary

evidence requested. The government represents that it "is willing to accommodate any reasonable discovery request." The government also notes that another meeting with defense counsel was scheduled for mid-October and it has responded to the various itemized requests, which the Court will address seriatim:

(a)-(b) Information Exchanges. The government contends that the requests are overbroad, but also represents that it is presently unaware of any such responsive materials and will make inquiries of its agents. If such materials exist, the government shall notify defense counsel and the parties shall confer in an effort to resolve any disputes. Therefore, these requests are **DENIED WITHOUT PREJUDICE**.

(c)-(d) Videos/Recordings. The government represents that it is not aware of any such materials. If such materials are obtained, they shall be produced to Defendant. These requests are **GRANTED**.

(e) Documents. The government states that its documentary evidence is available for inspection and/or has already been provided, with the exception that reports of interviews will be provided at the time of Jencks Act materials. In accordance with the foregoing, this request is **GRANTED**.

(f)-(g) Affidavits/Expert Reports. The government represents that it is not aware of any such materials. If such materials are obtained, they shall be produced to Defendant. These requests are **GRANTED**.

(h)-(k) Logs/Lab Reports/Evidence from Searches. The government represents that all such evidence is available for inspection. These requests are **GRANTED**.

3. Motion for Early Disclosure of Jencks Material (#33)

Bujaky asks the Court to order the government to provide Jencks Act materials at least fourteen (14) days prior to trial. The government objects and represents that all such materials will be provided at least one week prior to trial. The Jencks Act, 18 U.S.C. § 3500, does not mandate disclosure prior to the day on which the witness testifies at trial. As noted above, the Court urges the government to disclose the applicable materials sooner, to avoid potential delays at trial, but it cannot compel the government to do so. Pursuant to Fed. R. Crim. P. 26.2(d), the Court may recess the proceedings to allow time for Defendant to examine the statement(s) and prepare for its use at trial. This motion is **DENIED**.

4. Motion to Compel Government to Provide Defendant With Written Statement of Uncharged Misconduct Evidence And/Or Federal Rule of Evidence 404(b) Evidence And For Pretrial Production of Such Evidence (#35)

Bujaky anticipates that the government will present evidence pursuant to Fed. R. Evid. 404(b) purporting to reflect motive, opportunity, intent, preparation, knowledge, identity, lack of mistake and/or for impeachment if he elects to testify at trial. Bujaky seeks disclosure of such evidence in advance, to enable him to oppose admission of such evidence without delaying trial.

The government represents that it regards any such evidence as intrinsic to the conspiracy charged in Count 1. The government further represents that if it becomes aware of any other uncharged misconduct evidence, it will provide notice to Bujaky prior to trial and will seek Court approval prior to offering such evidence at trial.

The Court concludes that the government's representations are reasonable. Questions of admissibility (if any) must await the more fully-developed factual context of trial. Accordingly, this motion is **DENIED WITHOUT PREJUDICE**.

5. Motion to Require Retention of Rough Notes and to Preserve Other Evidence

Bujaky seeks an order which requires that all rough notes and other evidence relative to interviews of alleged co-conspiractors, confidential informants and/or cooperating witnesses be preserved. The government does not object. Accordingly, this motion is **GRANTED**.

So **ORDERED** this 29th day of October, 2012.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Margaret Picking, AUSA
Martin Dietz, Esquire